RANDY S. GROSSMAN
United States Attorney
BLAIR C. PEREZ
PATRICK C. SWAN
Assistant U.S. Attorneys
California Bar No. 155166/306526
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7963

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 20-CR-0834-CAB |
|---|---|
| Plaintiff, | **PLEA AGREEMENT** |
| v. | |
| SCOTT DONALD CARPER, | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, RANDY S. GROSSMAN, United States Attorney, Blair C. Perez and Patrick C. Swan, Assistant United States Attorneys, and Defendant, SCOTT DONALD CARPER, with the advice and consent of Lauren Williams and Richard Deke Falls, counsel for Defendant, as follows:

//
//
//
//
//

BCP:12/17/21

Def. Initials _____

I

## THE PLEA

A. THE CHARGE

Defendant agrees to waive Indictment and plead guilty to a one-count Superseding Information charging defendant with:

> On or about February 4, 2020, within the Southern District of California, defendant, SCOTT DONALD CARPER, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Department of Homeland Security, an agency of the executive branch of the Government of the United States, to wit: while speaking with a United States Customs and Border Protection Officer at the San Ysidro port of entry, he stated that he had gone to Mexico in order to purchase Tramadol for his mother. The statement and representation was false because, as defendant then and there well knew, he went to Mexico to obtain prescription pain medication for himself; all in violation of Title 18, United States Code, Section 1001(a)(2).

B. DISMISSAL OF CHARGES

The Government agrees to (1) move to dismiss the remaining charges when Defendant is sentenced, and (2) not prosecute Defendant thereafter on such dismissed charges unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

C. FORFEITURE

Defendant further agrees to the administrative and/or civil forfeiture of all properties seized in connection with this case which defendant agrees are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881. Defendant further waives Defendant's right to

Def. Initials *(signed)*
20-CR-0834-CAB

receive timely notice of administrative forfeiture as set forth in 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this and all other administrative and civil proceedings. Defendant waives and disclaims defendant's interest, if any, in the properties to be forfeited as described above. Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property(ies) seized in connection with this case.

## II

## NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED

The offense to which defendant is pleading guilty has the following elements:

1. Defendant made a false statement;

2. The statement was made in a matter within the jurisdiction of the Department of Homeland Security, an agency of the executive branch of the Government of the United States;

3. Defendant acted willfully; that is, defendant acted deliberately and with knowledge both that the statement was untrue and that his conduct was unlawful; and

4. The statement was material to the activities or decisions of the Department of Homeland Security; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. On or about February 4, 2020, Defendant entered the United States from Mexico as the driver and sole occupant of a Dodge Ram at the San Ysidro Port of Entry, within the Southern District of California.

2. Upon arrival at the San Ysidro port of entry, a United States Customs and Border Protection officer asked Defendant why he had gone to Mexico and if he had anything to declare. Defendant responded that he had gone to Mexico in order to purchase Tramadol for his mother.

3. At the time Defendant made the statement, he knew this statement was a materially false, fictitious, and fraudulent statement and representation because he had not gone to Mexico to purchase Tramadol for his mother, but rather, to obtain prescription pain medication for himself. He made the statement to reduce the likelihood of being referred to secondary. Defendant admits being aware that it is unlawful to make a false statement in response to a question from a United States Customs and Border Protection officer.

4. The Department of Homeland Security, Customs and Border Protection is part of the executive branch of the United States government. Customs and Border Protection officers are charged with inspecting people and items entering the United States. Therefore, Defendant's false statement regarding the purpose of his trip to Mexico and who the medication was for was material to the activities or decisions of the Department of Homeland Security; that is, had a natural tendency to influence, or was capable of influencing their decisions or activities to allow Defendant to enter the U.S. without further inspection.

5. Upon secondary inspection of the Dodge Ram driven by Defendant, Customs and Border Protection Officers discovered approximately 47.88 kilograms (105.34 pounds) of methamphetamine, a Schedule II controlled substance, concealed within the Dodge Ram.

### III

### PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

A.  a maximum 5 years in prison;

B.  a maximum $250,000.00 fine;

C.  a mandatory special assessment of $100.00 per count; and

D.  a term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release.

## IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.  A speedy and public trial by jury;

C.  The assistance of counsel at all stages of trial;

D.  Confront and cross-examine adverse witnesses;

E.  Testify and present evidence and to have witnesses testify on behalf of defendant; and

F.  Not testify or have any adverse inferences drawn from the failure to testify.

## V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information.

Def. Initials _____
20-CR-0834-CAB

Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C. No one has threatened Defendant or Defendant's family to induce this guilty plea; and,

D. Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

//
//

6

Def. Initials _____
20-CR-0834-CAB

# VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared.** Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

# IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation as to what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court.** Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any

of the parties' sentencing recommendations, Defendant will not withdraw the plea.

X

**PARTIES' SENTENCING RECOMMENDATIONS**

A. <u>SENTENCING GUIDELINE CALCULATIONS</u>

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

1. Base Offense Level [USSG § 2B1.1(a)(2); 2S1.3(a)(2)]     6*
2. Dismissed and/or Uncharged Conduct [USSG § 5K2.21]     **
3. Acceptance of Responsibility [USSG § 3E1.1]     -2/3

**\*If defendant is determined to be a career offender pursuant to USSG § 4B1.1(a), the applicable base offense level shall be determined pursuant to USSG § 4B1.1(b).**

**\*\* The parties are free to argue the applicability of an upward departure for Dismissed/Uncharged Conduct.**

B. <u>ACCEPTANCE OF RESPONSIBILITY</u>

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;
2. Falsely denies prior criminal conduct or convictions;
3. Is untruthful with the Government, the Court or probation officer; or
4. Breaches this plea agreement in any way.

8

Def. Initials

20-CR-0834-CAB

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant **may** request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category, except that, if Defendant is determined to be a Career Offender, the parties agree that the Defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. GOVERNMENT'S RECOMMENDATION REGARDING CUSTODY

The Government agrees to recommend a sentence at or below the statutory maximum of 60 months.

G. SPECIAL ASSESSMENT

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

//
//

Def. Initials
20-CR-0834-CAB

H.   SUPERVISED RELEASE

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is Defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel. If defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

## BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

    A.    Failing to plead guilty pursuant to this agreement;

    B.    Failing to fully accept responsibility as established in Section X, paragraph B, above;

    C.    Failing to appear in court;

    D.    Attempting to withdraw the plea;

    E.    Failing to abide by any court order related to this case;

    F.    Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

    G.    Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at trial or the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the

factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//

Def. Initials [signature]
20-CR-0834-CAB

## XV

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

RANDY S. GROSSMAN
Acting United States Attorney

December 30, 2021
DATED

BLAIR C. PEREZ
Assistant U.S. Attorney

12/29/21
DATED

LAUREN WILLIAMS
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

12/28/2021
DATED

SCOTT DONALD CARPER
Defendant

Approved by:

12/30/2021
BLANCA QUINTERO
Assistant U.S. Attorney

Rev. 6/27/2017 JSS:dca